**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMBER MILLER and all other Plaintiffs similarly situated known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> EQUINOX HOLDINGS, INC., EQUINOX GREENWICH AVENUE, INC., EQUINOX LINCOLN PARK, INC., EQUINOX MONROE STREET, INC. and EQUINOX GOLD COAST, INC. <br><br> Defendants. | |

**COMPLAINT AT LAW**

Plaintiff, Amber Miller ("Miller"), by and through her attorneys, Caffarelli & Siegel Ltd., for her Complaint at Law, complains against Defendants Equinox Holdings, Inc., Equinox Greenwich Avenue, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc., (collectively, "Equinox"), as follows:

**NATURE OF ACTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, for Equinox's failure to pay overtime wages due to Plaintiff and other similarly situated employees. Specifically, Equinox has violated the FLSA by misclassifying its sales employees as exempt from the minimum wage and overtime provisions of the FLSA, and by failing to pay those sales employees the overtime rate of one and one-half time their normal hourly rate ("overtime") for all hours worked over forty (40) in one workweek.

2.     Plaintiff also brings a claim under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Equinox's misclassification of its sales employees as exempt from the minimum wage and overtime provisions of the IMWL and failure to pay overtime to its sales employees as described in Paragraph 1.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4.     The unlawful employment practices described herein were committed at Equinox's locations throughout the United States, including, but not limited to, its facilities located at 1750 North Clark Street, 200 West Monroe Street and 900 North Michigan Avenue, all in Chicago, Illinois.  Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Plaintiff Miller was employed by Defendants from on or around July 1, 2005 until on or around July 20, 2010.  Plaintiff was initially employed at Equinox's facility located at 97 Greenwich Avenue, New York, New York.  In or around September 2008, Plaintiff transferred to Equinox's facility located at 1750 North Clark Street, Chicago, Illinois.  In or around June, 2009, Plaintiff transferred to Equinox's facility located at 200 West Monroe Street, Chicago, Illinois.  Finally, from in or around December 2009 until on or around July 20, 2010, Plaintiff worked at Equinox's facility located at 900 North Michigan Avenue in Chicago, Illinois.  Miller was employed as a senior membership advisor at the time her employment ended.  During her employment,

2

6. Plaintiff Miller, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter "members of the Plaintiff Class"), are either present or past membership advisors, senior membership advisors or sales managers (hereinafter "sales employees") of Equinox who have been misclassified as exempt from the overtime provisions of the FLSA, Portal-to-Portal Act and applicable state wage and hour laws and have not been paid overtime for all hours worked over forty (40) in one workweek. As to the claims under the FLSA, similarly situated employees throughout the United States may opt in to this case to pursue claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Defendant Equinox Holdings, Inc. is a New York corporation which operates health clubs throughout the United States, including four locations in and around Chicago, Illinois.

8. Defendant Equinox Greenwich Avenue, Inc. is a New York corporation which operates a health club located at 97 Greenwich Avenue, New York, New York, 10014. Defendant Equinox Greenwich Avenue, Inc. is a wholly owned subsidiary of Equinox Holdings, Inc.

9. Defendant Equinox Lincoln Park, Inc. is an Illinois corporation which operates a health club located at 1250 North Clark Street, Chicago, Illinois 60614, in this judicial district. Defendant Equinox Lincoln Park, Inc. is a wholly owned subsidiary of Equinox Holdings, Inc.

10. Defendant Equinox Monroe Street, Inc. is an Illinois corporation which operates a health club located at 200 West Monroe Street, Chicago, Illinois 60606, in this judicial district. Defendant Equinox Monroe Street, Inc. is a wholly owned subsidiary of Equinox Holdings, Inc.

11. Defendant Equinox Gold Coast, Inc. is an Illinois corporation which operates a health club located at 900 North Michigan Avenue, Chicago, Illinois 60611, in this judicial district. Defendant Equinox Gold Coast, Inc. is a wholly-owned subsidiary of Equinox Holdings, Inc.

**FACTUAL ALLEGATIONS**

12. Equinox Holdings, Inc. currently owns and operates over forty health clubs located throughout the United States. Each Equinox location, including Equinox Greenwich Village, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc. uses the same employee policies and procedures. For example, all Equinox locations have common employee compensation policies and procedures.

13. Throughout her employment with Defendants, Plaintiff received her paycheck from Equinox Holdings, Inc.'s corporate office, located at 895 Broadway, New York, New York 10003.

14. Equinox employs sales employees at each of its locations, including its Greenwich Village, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc. facilities, to sell memberships to its health clubs. As sales employees, Plaintiff and other members of the Plaintiff Class are primarily engaged in selling and renewing health club memberships to potential and existing Equinox members.

15. Plaintiff Miller and members of the Plaintiff Class received a flat fee for each membership sale or membership renewal, in addition to base compensation. The amount of the fee did not fluctuate depending on the value of the membership sale.

16. Plaintiff Miller and members of the Plaintiff Class regularly worked in excess of forty (40) hours per workweek.

17. Over the course of Miller's employment, Equinox directed her to work and Miller did work in excess of forty (40) hours per workweek, but Equinox did not compensate Miller for any such excess hours.

18. Plaintiff and members of the Plaintiff Class were entitled under the law to be paid at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

19. Plaintiff and members of the Plaintiff Class were not paid at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

20. Equinox was aware of its obligation to pay Plaintiff and members of the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) hours per workweek, and intentionally chose not to pay Plaintiff or other members of the Plaintiff Class accordingly.

21. Equinox acted in bad faith in failing to properly compensate Plaintiff and members of the Plaintiff Class for the work they performed.

## COUNT I
### Violation of the Fair Labor Standards Act against all Defendants

22. Paragraphs 1-21 are re-alleged and incorporated as though fully set forth herein.

23.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who has been damaged by Equinox's failure to comply with 29 U.S.C. § 210 *et seq.* and 29 U.S.C. § 251 *et seq.* Plaintiff Miller attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

24.     All past and present sales employees are similarly situated to the named Plaintiff in that Equinox has applied the compensation policies which violate the FLSA on a company-wide basis.

25.     For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

26.     In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due to them with regard to back compensation.

27.     Pursuant to 29 U.S.C. § 207, Plaintiff Miller and all members of the Plaintiff Class, known and unknown, were entitled to receive overtime for all hours worked in excess of forty (40) hours per workweek.

28.     Equinox's failure to properly pay overtime to Plaintiff Miller and all other members of the Plaintiff Class, known and unknown, is a willful violation of the FLSA since Defendants's conduct shows that it knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

29. As a direct and proximate result thereof, there is due to Plaintiff Miller and other members of the Plaintiff Class back wages and liquidated damages, pursuant to the FLSA

WHEREFORE, Plaintiff Miller respectfully requests this Court to enter an order as follows:

a) Granting permission for former and current sales employees throughout the United States who are or were employed by Equinox and not properly paid overtime under the FLSA to opt-in to this action pursuant to § 216(b) of the FLSA;

b) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees to Caffarelli & Siegel Ltd., and awarding costs incurred in filing this action; and

f) Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law against Equinox Holdings, Inc. Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc.

30. Paragraphs 1-29 are re-alleged and incorporated as though fully set forth herein.

31. The matters set forth in this Count arise from Defendants' violations of the overtime compensation provisions of the IMWL, 820 Ill. Comp. Stat. 105/4(a).

32. Plaintiff Miller was an employee of Equinox Holdings, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc. who was not paid proper overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during her employment with Defendants. Plaintiff Miller brings this Count pursuant to 820 Ill. Comp. Stat. 105/12(a).

33. From in or about September 2008 until on or about July 20, 2010, Defendants have been "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

34. From in or about September 2008 until on or about July 20, 2010, Plaintiff Miller was employed by Defendants as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

35. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all workweeks during which Plaintiff Miller worked for Defendants in excess of forty (40) hours as a sales employee, she was entitled to be compensated at one and one-half times her normal hourly rate of pay for all such excess hours.

36. Defendants failed to pay overtimes wages to Miller for all hours worked in excess of forty (40) hours per workweek at the rate of one and one-half times her regular rate of pay.

37. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Miller is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Amber Miller respectfully requests this Court to enter an order as follows:

a) Awarding judgment in the amount of back pay equal to the amount of all unpaid overtime compensation due for violations of the IMWL;

b) Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding punitive damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: August 20, 2010                                      Respectfully submitted,

Marc J. Siegel, #06238100                                   AMBER MILLER, and all other Plaintiffs
Bradley Manewith, #06280535                                 similarly situated, known and unknown
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                                 By: /s/ Marc J. Siegel
Chicago, IL  60601                                               Attorney for Plaintiffs
Tel. (312) 540-1230
Fax (312) 540-1231

9