# Exhibit A

Westlaw.

Slip Copy, 2008 WL 7431307 (N.D.Ill.)
**(Cite as: 2008 WL 7431307 (N.D.Ill.))**

H
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Illinois.
BARREDA, et al.
v.
PROSPECT AIRPORT SERVS., INC.
**No. 08 C 3239.**

Nov. 26, 2008.

Marc J. Siegel, Bradley S. Manewith, Lorraine Ter-aldico Peeters, Caffarelli & Siegel LTD, Chicago, IL, Hillary Schwab, Shannon E Liss-Riordan, Lichten & Liss-Riordan, P.C., Boston, MA, for Barreda, et al.

Arthur M. Holtzman, Lauren Blair, Pedersen & Houpt, P.C., Chicago, IL, for Prospect Airport Servs., Inc.

**STATEMENT**

MATTHEW F. KENNELLY, Judge.

*1 Allan Barreda and Brian Schalk, a former and current skycap for Prospect Airport Services, Inc., have sued Prospect, alleging that it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the Illinois Minimum Wage Law, 820 ILCS 105/1, by failing to pay its skycaps the minimum hourly wage. On September 29, 2008, the Court granted plaintiffs' motion for conditional certification of their FLSA claim as a collective action, approved a notice to be sent to other similarly situated skycaps, and ordered Prospect to refrain from communicating with prospective class members about their possible FLSA claims. Prospect has moved for reconsideration, primarily on the ground that the

Court relied on material that was included in plaintiffs' reply brief that Prospect says it did not have a fair chance to address. The main facts of this case are set forth in the Court's prior order and will not be repeated here.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir.2008) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 350 (7th Cir.1987)). To succeed, Prospect must show that the Court committed an error of law or fact, not merely rehash the arguments offered during its arguments against the motion for conditional certification.

**Conditional Certification**

Prospect argues that the Court reached its decision by relying on three reasons that skycaps might have a shortfall in baggage fees at the end of the work day which, Prospect says, were only articulated in plaintiffs' reply, through the affidavit of Lynn Walton. *See* Pl. Reply, Ex. K. Prospect contends that these reasons-that tags sometimes print twice in error; passengers sometimes decide not to check bags after tags have been printed; and the computer fails to recognize passengers who are not required to pay the fee-are "bogus." Def. Mot. to Reconsider ¶ 7. Prospect contends that had plaintiffs not offered those additional reasons in their reply, the Court would have been left only with plaintiffs' assertion that they "had to pay a portion of [their] tips over to Prospect to cover the shortages resulting from passengers' failure to pay the curbside check-in fee." Def Mot. to Reconsider ¶ 8. This, Prospect argues, would be insufficient to demonstrate a common plan that violates the FLSA.

The Court disagrees. Plaintiffs were only required to make "a **modest** factual showing that they and potential plaintiffs together were victims of a com-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2008 WL 7431307 (N.D.Ill.)
**(Cite as: 2008 WL 7431307 (N.D.Ill.))**

mon policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.,* 289 F.Supp.2d 1042, 1045 (N.D.Ill.2003) (internal quotation marks and citations omitted). Plaintiffs supported the assertion noted above by their own sworn affidavits attesting to Prospect's common policy as it had been applied to them. In its response, Prospect argued that it enforced an "Accountability Policy" and that any shortages were due to skycaps misappropriating the fees. Def. Resp. at 5. Plaintiffs included the additional affidavit in its reply to rebut Prospect's argument that missing fees could only be the result of misappropriation. (The Court notes that for this reason, plaintiffs' submission of the affidavit was in no way improper.)

*2 In its September 29 decision, the Court relied on two things: (1) Prospect's admitted implementation and enforcement of a broad "Accountability Policy;" and (2) plaintiffs' affidavits stating that, in the enforcement of that policy, they had been required to pay a portion of their tips to Prospect "to cover the shortages resulting from passengers' failure to pay the curbside check-in fee." Pl. Mot., Ex. A ¶ 9; Ex. B ¶ 9. The Court did not need to consider the additional affidavit to conclude that plaintiffs had met the " **modest** factual showing" standard.

In a supplement to its motion for reconsideration, Prospect provides three affidavits from management personnel. The affidavits describe, in detail, the system used by Prospect to collect curbside check-in fees from passengers and the checks in place to insure that skycaps are required to remit only those fees that are actually paid by the passengers. Def. Supp. to Mot. to Reconsider Ex. A. This evidence, though relevant on the merits of plaintiffs' claims, does not undermine the **modest** factual showing required to justify sending notice of the action to similarly situated persons. Now is not the time to prove or disprove the merits of plaintiffs' claims.

**Restriction on communications**

Prospect next argues that the Court improperly relied on Barreda's supplemental affidavit in reaching its decision to restrict Prospect's communication with potential class members. Prospect contends that there is no support in the record for the Court's finding that there was a threat of harassment.

Plaintiffs submitted Barreda's affidavit with their reply brief. The affidavit described ongoing harassment that Barreda experienced during the litigation process. The Court found that Barreda's allegations were sufficient to demonstrate a danger of harassment to the potential class members. In addition, as the Court stated in its decision, Prospect had not identified any way in which it might be harmed by an order barring communication with potential class members. In its motion for reconsideration, Prospect presents no new evidence and fails to articulate a way in which the order would cause it harm.

**National collective action**

Prospect argues that nothing in the record supports maintaining a nationwide collective action because only O'Hare employees have submitted affidavits thus far. The Court disagrees. As stated in its September 29, 2008 opinion, plaintiffs have provided evidence, sufficient for present purposes, that Prospect maintains a policy holding skycaps strictly liable for shortfalls in baggage fees. Prospect itself admits that it enforces a nationwide "Accountability Policy." The fact that the only affidavits submitted in support of this finding come from O'Hare employees does not diminish the nationwide applicability of the offending policy.

**Conclusion**

For the reasons stated above, the Court denies Prospect's motion for reconsideration [# 47].

N.D.Ill.,2008.
Barreda v. Prospect Airport Servs., Inc.
Slip Copy, 2008 WL 7431307 (N.D.Ill.)

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2008 WL 7431307 (N.D.Ill.)
**(Cite as: 2008 WL 7431307 (N.D.Ill.))**

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AMBER MILLER and all other Plaintiffs
similarly situated known and unknown,

                Plaintiff,

v.

EQUINOX HOLDINGS, INC., EQUINOX
GREENWICH AVENUE, INC., EQUINOX
LINCOLN PARK, INC., EQUINOX
MONROE STREET, INC. and EQUINOX
GOLD COAST, INC.

                Defendants.

Case No. 10 CV 05261

Judge Kendall
Magistrate Judge Nolan

## AFFIDAVIT OF AMBER MILLER

I, Amber Miller, on oath, depose and state that I have knowledge of the matters contained in this affidavit and that I could competently testify thereto if called upon to do so in open court.

1.       My name is Amber Miller and I am over twenty-one (21) years of age. This affidavit is limited to the matters contained herein.

2.       I am a former employee of Equinox Holdings, Inc. ("Equinox"), Equinox Greenwich Avenue, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox Gold Coast, Inc. (collectively, "Defendants"). I began working for Defendants in or around July, 2005. Throughout my employment with Defendants, I was paid by Equinox.

3.       Equinox has facilities throughout the United States. According to its website, it has facilities in New York, Chicago, Boston, Connecticut, Washington, D.C., Florida, Dallas and California.

4.       From on or around July 1, 2005 until in or around September 2008, I was employed at Equinox's facility located at 97 Greenwich Avenue, New York, New York. From in

or around September 2008 until in or around June 2009, I was employed at Equinox's facility located at 1750 North Clark Street, Chicago, Illinois. From in or around June 2009 until in or around December 2009, I was employed at Equinox's facility located at 200 West Monroe Street, Chicago, Illinois. From in or around December 2009 until on or around July 20, 2010, I was employed at Equinox's facility located at 900 North Michigan Avenue, Chicago, Illinois.

5.     Over the course of my employment with Defendants, I was employed as a membership advisor, senior membership advisor, sales manager ("sales positions"). In these sales positions, my primary duty was to sell new and renewal gym memberships to new and existing Equinox members.

6.     While working in the sales positions for Defendants, I received a base salary. In addition, I received a flat fee for each new membership or membership renewal sold. The amount of the fee paid for each such sale did not fluctuate depending on the value of the sale. This compensation scheme is detailed in the general policies Equinox distributed to me, and is not specific to any single Equinox facility. The compensation scheme was applied consistently at each Equinox facility at which I was employed.

7.     During my employment with Defendants, I frequently worked more than forty (40) cumulative hours per week.

8.     During my employment, Defendants did not correctly pay me overtime compensation for the hours I worked in excess of forty (40) in any given work week. Instead, I was paid a fixed salary without regard to the number of hours I actually worked.

Subscribed to and Sworn Before Me This

14 th day of December, 2010

_____
Notary Public

FURTHER AFFIANT SAYETH NOT

_____
Amber Miller

OFFICIAL SEAL
JOANNA GERMANN ZALEWSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-16-2013

3

# Exhibit C

**Attachment 1**
**Bonus Opportunity**
*Senior Membership Advisor*

This performance bonus plan replaces all previous incentive plans. The breakdown of your performance bonus is as follows:

**Base Salary - $25,000**

**Individual Sales** (No cap on individual sales):

- You will receive **$70** per Select/All Access memberships for each sale up to and including the first 39 sales in the calendar month.

- You will receive **$100** for all Select /All Access memberships sold over 39 in the calendar month, retroactive to all sales sold in the calendar month.

- Renewals will be paid at **$15** per renewal;

**Corporate Sales**

- You will receive **$25** per corporate sale prior to reaching 40 sales

- You will receive **$50** per corporate sale after passing 39 sales.

**Ancillary Services** (Point of Sale = PT, Lockers paid in full, Spa services packages, upgrade to All Access -only if upgrade initiation is collected):

- If the advisor sells ancillary services at the Point Of Sale, the commission will be paid at **5%.**
- If the advisor exceeds their personal goal of 100% for Ancillary Services, the commission will be paid at **8%** for all services sold over the 100% mark.
- If the advisor sells $20,000 Personal Training in the current month, at the Point Of Sale, the commission will be paid at **10%.**

**Monthly Individual Bonus**

- If the number of new sales at the end of each month is greater than or equal to 120% of the new sales goal, a bonus of **$500** will be awarded.

**Monthly Team Bonus:**

1. *New Sales:*

   - If the team achieves 100% of new sales goal, the monthly bonus is **$2,500,** and is distributed on a weighted scale.
   - If the team achieves 110% of new sales goal, the monthly bonus is **$5,000** and is distributed on a weighted scale.

**Vacation** – You are entitled to two (2) weeks of vacation per year. After five years of employment you will be eligible for three weeks of vacation per year. Vacation pay is based on base salary only.

# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AMBER MILLER and all other Plaintiffs
similarly situated known and unknown,

        Plaintiff,

v.

EQUINOX HOLDINGS, INC., EQUINOX
GREENWICH AVENUE, INC., EQUINOX
LINCOLN PARK, INC., EQUINOX
MONROE STREET, INC. and EQUINOX
GOLD COAST, INC.

        Defendants.

Case No. 10 CV 05261

Judge Kendall
Magistrate Judge Nolan

**NOTICE OF PENDENCY OF LAWSUIT**

**TO:** **ALL PRESENT AND FORMER EMPLOYEES WHO PERFORMED DUTIES
SELLING NEW AND RENEWAL GYM MEMBERSHIPS TO NEW AND
EXISTING EQUINOX MEMBERS FOR EQUINOX HOLDINGS, INC.,
EQUINOX GREENWICH AVENUE, INC., EQUINOX LINCOLN PARK, INC.,
EQUINOX MONROE STREET, INC. OR EQUINOX GOLD COAST, INC.FROM
<u>NOVEMBER 10, 2007</u> TO THE PRESENT.**

**RE:** **FAIR LABOR STANDARDS ACT – UNPAID WAGES AND OVERTIME
LAWSUIT FILED AGAINST EQUINOX HOLDINGS, INC., EQUINOX
GREENWICH AVENUE, INC., EQUINOX LINCOLN PARK, INC., EQUINOX
MONROE STREET, INC. AND EQUINOX GOLD COAST, INC.**

**INTRODUCTION**

The purpose of this Notice is to inform you of a collective action lawsuit in which you
are potentially "similarly situated" to the named Plaintiff, to advise you of how your rights might
be affected by this action, and to instruct you on the procedures to make a claim if you choose to
do so.

**DESCRIPTION OF THE ACTION**

In August 2010, a lawsuit was filed against Defendants Equinox Holdings, Inc., Equinox
Greenwich Avenue, Inc., Equinox Lincoln Park, Inc., Equinox Monroe Street, Inc. and Equinox
Gold Coast, Inc. ("Equinox"). The lawsuit includes claims by the named Plaintiff on behalf of
all other similarly situated individuals who performed the responsibilities of selling new and

renewal gym memberships to new and existing Equinox members during the past three years (collectively referred to as the "potentially similarly situated group"). Specifically, the action alleges that these individuals were not properly paid one and one-half times their hourly rate ("overtime") for work performed in excess of forty (40) hours in any individual workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The action alleges that because Equinox's practice is to pay a flat fee for each new membership or renewal sold, without regard to the actual value of such new membership or renewal, the flat rate is not a "bona fide commission" as required by the FLSA regulations, 29 C.F.R § 779.416(c). The action further alleges that as a result of Equinox's practice of paying a flat rate for each membership or renewal sold, the potentially similarly situated group is not exempt from the overtime provisions of the FLSA, and therefore should have been paid one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours per workweek.

Equinox has not yet filed its Answer or other pleading in response to the named Plaintiff's Complaint.

## COMPOSITION OF THE POTENTIALLY SIMILARLY SITUATED GROUP

The named Plaintiff performed the job responsibilities of a membership advisor, senior membership advisor and sales manager for Equinox. She seeks to sue on behalf of herself and other individuals with whom she is similarly situated. Specifically, she seeks to sue on behalf of any and all individuals who meet the following requirements:

(a) performed the job duties of selling new and renewal gym memberships to new and existing Equinox members for Equinox at any point from **November 10, 2007 to the present**; and/or

(b) were not paid the overtime rate (or the proper overtime rate) for some or all of their overtime hours (hours over forty (40) per week) worked.

## YOUR RIGHT TO PARTICIPATE IN THIS ACTION

If you fit the description above, you may choose to join this action by mailing, faxing, or emailing the attached Consent Form to Plaintiff's Counsel for filing with the Court:

**Caffarelli & Siegel, Ltd.**
**Attn: Marc J. Siegel**
**Two Prudential Plaza**
**180 N. Stetson, Suite 3150**
**Chicago, IL 60601**
**Telephone: (312) 540-1230**
**Facsimile: (312) 540-1231**
**Email: m.siegel@caffarelli.com**

The Consent Form must be **received** by Plaintiff's Counsel on or before **[60 days]** for you to participate in this case.

2

## EFFECT OF JOINING OR NOT JOINING THIS ACTION

If you join this action, you and Equinox will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. If you do not join this action, you will not be bound by any ruling, judgment, award, or settlement in this case, favorable or unfavorable. If you choose not to join this action, you are free to take action on your own or to do nothing at all.

If you file a Consent Form, your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiff are "similarly situated" in accord with applicable law, and it is appropriate for the case to proceed as a collective action.

## STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of three (3) years. If you choose to join this action, you may be able to recover damages if you were improperly classified as "exempt" under the FLSA and thus denied overtime pay for hours worked within three years of the date your Consent Form is filed. If you choose not to join this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join the case by filing a Consent Form, your interests will be represented by Plaintiff's Counsel, Caffarelli & Siegel, Ltd.

Plaintiff's Counsel has taken this case on a contingency basis. They may be entitled to receive attorneys' fees and costs from Equinox should there be recovery or judgment in Plaintiff's favor. If there is a recovery, Plaintiff's Counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If there is no recovery or judgment in Plaintiff's favor, Plaintiff's Counsel will not seek any attorney's fees or costs from any of the Plaintiffs. The specific terms and conditions will be contained in a fee agreement separately entered into by Plaintiff's Counsel and you if you decide to participate in this case.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, HONORABLE JUDGE VIRGINIA M. KENDALL.**

## PLAINTIFF CONSENT FORM

By my signature below, I represent to the Court that I have been employed by Equinox in a position selling new and renewal gym memberships to new and existing Equinox members within the past three (3) years; that I have worked for Equinox in excess of forty (40) hours in individual work weeks; and that I have not been paid overtime wages owed to me pursuant to the FLSA. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _____ (print your name)

My address is: _____ (street address)

_____ (city, state, zip code)

My telephone number is: _____(area code and telephone number)

My signature: _____

Date on which I signed this Notice: _____
(today's date)

Mail, Fax, or Email to:    Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email  m.siegel@caffarelli.com
Web   www.caffarelli.com